IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
DEBRA ZIEBER,                                          : CASE NO. 1:06 CV 2010
                                                       :
                                      Plaintiff,       : ORDER & OPINION ADOPTING
                                                       : REPORT AND RECOMMENDATION
                                                       : AND GRANTING PLAINTIFF'S MOTION
                     -vs-                              : TO AMEND THE COMPLAINT AND
                                                       : REMAND, AND DENYING
ROBIN HEFFELFINGER, et al.,                            : DEFENDANTS' MOTION TO COMPEL
                                                       : DISCOVERY AND FOR ATTORNEYS'
                                      Defendants.      : FEES
                                                       :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on the defendant's motion to compel discovery and impose attorney's fees (Docket No. 12), and the plaintiff's motion to amend her complaint and remand the case to state court (Docket No. 14).  On 27 July 2006, Plaintiff Debra Zieber filed suit against defendants Robin Heffelfinger and Richland County, Ohio in the Richland County Court of Common Pleas, alleging a violation of her constitutional rights pursuant to 42 USC § 1983 and various state law tort claims.  The action was removed to this Court on 22 August 2006.  (Docket No. 1).

The defendants filed a motion to compel discovery and for attorney's fees on 16 January 2007, alleging that the plaintiff had failed to respond to the defendants' first set of interrogatories, request for production of documents, and request for available dates for plaintiff's deposition.  (Docket No. 12).  On 26 January 2007, the plaintiff motioned the Court for leave to amend her complaint beyond the Court's 30 November 2006

deadline and to remand the matter to state court. (Docket No. 14). The plaintiff's amended complaint omits the § 1983 claim and pursues only her state law causes of action. (Docket No. 14, Attach.).

U.S. Magistrate Judge Kenneth McHargh issued a Report and Recommendation ("R&R") on 2 April 2007, recommending that the Court grant the plaintiff's motion and deny the defendant's motion. (Docket No. 23). The R&R reasoned that the defendants would suffer no prejudice if the plaintiff were permitted to amend her complaint, and concluded that because the only remaining claims in this case are state law claims, this case is more suitable for resolution in state court. The R&R further advised that the plaintiff's conduct in failing to respond to the defendant's discovery requests falls short of the "bad faith" standard required by Fed. R. Civ. P. 11.[1]

No party has objected to the Magistrate Judge's R&R, and the Court therefore accepts that the parties are satisfied with its recommendations.[2] Any further review by

---

[1] The Court notes that the defendant's request for attorney's fees was not raised under Rule 11 but under Rule 37(d). Rule 37(d) does not impose a bad faith requirement, but instead authorizes sanctions, including reasonable expenses and attorney's fees, when a party's "evasive or incomplete answers to proper interrogatories impede discovery." Jackson by Jackson v. Nissan Motor Corp. in USA, 1989 WL 128639 *5 (6th Cir. 1989) (quoting Badalamenti v. Dunham's, Inc., 118 F.R.D. 437, 439 (E.D. Mich. 1987, internal quotation marks omitted). Nevertheless, because the Court is remanding the case, the defendant's discovery motion is moot.

[2] Although the plaintiff filed "objections" to the R&R, she does not object to the R&R's recommendation that her motion be granted. (Docket No. 24). She objects to the Magistrate Judge's characterization of her "cavalier approach" to this Court's orders and to the Magistrate Judge's statement that the plaintiff filed her Amended Complaint without leave. Although the R&R states that the plaintiff filed her amended complaint without seeking leave of the Court (Docket No. 23, p. 4 fn 1), the Court finds that this statement was an oversight. The R&R thoughtfully considered the plaintiff's motion for leave and recommended that the motion be granted. Because the plaintiff agrees with the recommendations of the R&R, the Court finds no reason to address her objections.

this Court would be a duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 474 U.S. 140 (1985);  Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991);  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Accordingly, the Magistrate Judge's R&R is adopted.  The plaintiff's motion to amend the complaint and remand to state court is granted.  (Docket No. 14).  As the plaintiff's remaining causes of action are based in state law, the Court declines pendent jurisdiction over those claims.  Plaintiff's amended complaint is remanded to the Ohio Court of Common Pleas for Richland County, the state court from which it was removed, for further action.

The defendant's motion to compel discovery and for attorney's fees pursuant to Fed. R. Civ. P. 37(d) is denied as moot.  (Docket No. 12).

IT IS SO ORDERED.

      /s/ Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date:  11 May 2007